IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID MARTIN PYLE                                                              PLAINTIFF

v.                              Case No. 15-CV-05245

SOUTHERN HEALTH PARTNERS, INC.;
JOHN OR JANE DOE STAFF OF SOUTHERN
HEALTH PARTNERS, INC.; HEAD NURSE
ROBIN SIMS; and JUDY MAYWELL                                            DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* (IFP). Currently before the Court is Defendants' partial motion to dismiss (Doc. 9), in which they seek to dismiss Plaintiff's official capacity claims. Plaintiff has not responded to the motion to dismiss.

### I. BACKGROUND

Plaintiff is currently an inmate in the Arkansas Department of Corrections. The events at issue in this case occurred while Plaintiff was detained in the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. Plaintiff alleges that the medical services provider for WCDC, Southern Health Partners, Inc. ("SHP"), and various members of the SHP medical staff misread his prescription for Seroquel and gave him double the amount he was prescribed—1600 mg. rather than 800 mg.—for approximately thirty days. According to Plaintiff, when the mistake was discovered, the medical staff reduced his medication back down to the prescribed amount, without "allowing [his] body-mental to adjust." (Doc. 1, p. 5). Plaintiff asserts that this resulted in the prescribed amount having "no affect" on him and that he asked to speak with the doctor about this situation,

but the staff refused to provide him with necessary medical treatment and care and told him he just needed to work on his "coping skills." *Id*. at p. 6.

## II.     Applicable Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Civil Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556. While *pro se* complaints are to be liberally construed, they must allege sufficient facts to support the claims asserted. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III.    DISCUSSION

Defendants have moved to dismiss the official capacity claims against them, arguing that Plaintiff has failed to allege any facts to show that an official institutional policy or custom of SHP was unconstitutional or that it was a moving force behind any alleged harm he suffered. Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Washington County has contracted with SHP to provide healthcare to County prisoners. "A corporation acting under color of law will be held liable under section 1983 for unconstitutional policies, but will not be liable on a respondeat superior theory . . . . The key inquiry in making this determination is whether the corporation has an unconstitutional policy or custom, or an individual representing the company has taken actions which inflict injuries redressable by section 1983." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging a mistake in misreading

his prescription or the denial of adequate medical treatment thereafter is insufficient. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the institution's official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims are therefore subject to dismissal.

### IV.    CONCLUSION

For all the reasons set forth above, IT IS ORDERED that Defendants' partial motion to dismiss (Doc. 9) is GRANTED, and SHP is DISMISSED from this action.

IT IS FURTHER ORDERED that Plaintiff's official-capacity claims against the individual Defendants are likewise DISMISSED, but the individual capacity claims against these Defendants will proceed.

IT IS SO ORDERED this 14th day of March, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE